UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROSALIND C. PATE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-2356-WBV-DPC** |
| **TIM CLARK CONSTRUCTION, LLC** | **SECTION: D (2)** |

### ORDER AND REASONS

Before the Court is Gemini Insurance Company's Motion to Dismiss, Alternatively, Motion for Summary Judgment.[1] Plaintiffs opposes the Motion,[2] and Gemini has filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion to Dismiss is **GRANTED.**

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This is a suit to recover damages for allegedly faulty elevation work performed on residential property owned by Rosalind C. Pate and Robert L. Pate, Sr. (collectively, "Plaintiffs"). On or about May 24, 2018, Plaintiffs filed a Petition for Breach of Contract and Damages in Civil District Court for the Parish of Orleans, Louisiana, against Tim Clark, Charles Clark,[4] Tim Clark Construction, LLC ("TCC"), and Gemini Insurance Company ("Gemini").[5] Plaintiffs allege that on or about April 28, 2011, they entered into a contract with TCC to raise the elevation of their home

---

[1] R. Doc. 6.
[2] R. Doc. 16.
[3] R. Doc. 18.
[4] Charles Clark has since been dismissed from this litigation. *See,* R. Doc. 50.
[5] R. Doc. 1-1.

located at 7517 Dogwood in New Orleans, Louisiana ("the Property") for $160,000.[6] Plaintiffs claim that they have paid more than that amount for the elevation project, as TCC has acknowledged receipt of an initial $15,000 payment and a subsequent $130,000 payment, with a balance of $30,000 "represented by a Promissory Note" dated November 29, 2013.[7] Plaintiffs assert that they have consistently honored the Promissory Note, despite being told that TCC would not enforce the Promissory Note. Plaintiffs allege that TCC and Tim Clark, a member, manager or employee of TCC, have failed to give a full accounting of the money paid for the elevation project.[8]

Plaintiffs further allege that TCC caused damage to their home, and that, "The work performed by TCC was deficient and manifested itself through the cracking of the pillars of the house in early 2017."[9] Plaintiffs assert that they contacted TCC in April 2017 to inform them of the problem, and sent a formal notice of the problem by letter on May 10, 2017 to TCC's last known address, which was retuned as "unclaimed unable to forward."[10] Despite additional communications with Tim Clark, Plaintiffs claim that TCC, Tim Clark and Charles Clark have failed to remedy the problem. As a result, Plaintiffs filed the instant suit, alleging that TCC breached: (1) the contract for elevation work; (2) La. Civ. Code art. 2769;[11] and (3) its express guarantees regarding the Promissory Note and properly charging and billing Plaintiffs.[12]

---

[6] *Id.* at ¶¶ 4 & 5.
[7] *Id.* at ¶ 6.
[8] *Id.*
[9] *Id.* at p. 5, ¶¶ 7 & 9. The Court notes that the Petition contains a duplicate paragraph nine on page six. *Id.* at p. 6. This appears to be a typographical error.
[10] *Id.* at ¶ 7.
[11] Article 2769 is entitled, "Contractor's liability for non-compliance with contract."
[12] R. Doc. 1-1 at p. 5, ¶ 9.

Plaintiffs also allege that TCC, Tim Clark and Charles Clark caused them mental pain and suffering, inconvenience and grief in failing to properly perform under the contract and in engaging in bad faith tactics in seeking to collect invalid obligations.[13] Plaintiffs claim that the breach, negligence and delays caused by Defendants have depreciated the value of their home and have cost them extra money.[14] Plaintiffs allege that Gemini issued a liability insurance policy to TCC, Tim Clark and Charles Clark that covers the damages caused by "nonperformance and un-workmanlike performance."[15] Plaintiffs seek reimbursement of all amounts paid to Tim Clark and TCC for work that was not performed or that was performed improperly, as well as payment and reimbursement for all corrective work needed to fix the deficiencies, and for money paid on the Promissory Note, as well as costs and attorney's fees.[16] Gemini timely removed the case to this Court on March 13, 2019, on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[17]

On May 23, 2019, Gemini filed the instant Motion to Dismiss or, Alternatively, Motion for Summary Judgment (the "Motion"), asserting that Plaintiffs' claims against it should be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiffs have failed to state a claim under Louisiana's Direct Action Statute, La. R.S. 22:1269.[18] Gemini argues that Plaintiffs' claims against TCC are for breach of a construction contract, and that Louisiana's Direct Action Statute allows third-party claimants to

---

[13] *Id.* at p. 6, ¶ 9.
[14] *Id.* at ¶ 10.
[15] *Id.* at ¶ 16.
[16] *Id.* at ¶¶ 11-13.
[17] R. Doc. 1 at Introductory Paragraph & ¶ 4. *See* R. Docs. 19 & 20.
[18] R. Doc. 6.

sue liability insurers only in cases involving torts, not breach of contract.[19] Citing authority from this Court, Gemini asserts that courts have repeatedly rejected attempts by breach of contract claimants, like Plaintiffs, to proceed against insurers of a breach of contract defendant under Louisiana's Direct Action Statute.[20] Gemini also asserts that this Court has recognized that some claims sounding in tort arise from the duties set forth in the contract between the parties and that, "implicit in every construction contract is the requirement that the work be performed in a good, workmanlike manner, suitable for its intended purpose and free from defects in material or workmanship."[21] Gemini argues that all of Plaintiffs' claims against TCC arise from TCC's express or implicit obligations under the elevation contract.[22] Gemini asserts that Plaintiffs' claims of "negligent" work are merely derivative of, and implicit in, TCC's obligations under the elevation contract to perform the work in a good, workmanlike manner. Because Plaintiffs' claims against TCC are based in contract, Gemini asserts Plaintiffs have failed to state any plausible claims for relief against Gemini, and that their claims against it should be dismissed with prejudice.[23]

Alternatively, Gemini seeks summary judgment under Fed. R. Civ. P. 56 on the basis that the insurance policy issued to TCC does not cover any of Plaintiffs'

---

[19] R. Doc. 6-3 at p. 1.
[20] *Id.* at p. 5 (citing *Landry v. Covington Specialty Ins. Co.*, Civ. A. No. 18-2362, 2018 WL 3323239, at *2 (E.D. La. July 5, 2018) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 994-95 (5th Cir. 1985)); *Soileau v. Smith True Value & Rental*, 2012-1711 (La. 6/29/13), 144 So.3d 771, 775 ("the Direct Action Statute was enacted to give special rights to tort victims")).
[21] R. Doc. 6-3 at pp. 5-6 (citing *Landry*, Civ. A. No. 18-2362, 2018 WL 3323239, at *2 (quoting *Mentz Const. Servs., Inc. v. Poche*, 2011 1474 (La. App. 4 Cir. 3/14/12), 87 So.3d 273, 277-78).
[22] R. Doc. 6-3 at p. 7.
[23] *Id.*

claims against TCC.[24] Gemini claims the policy only covers "bodily injury" and "property damage" that occurred during the policy's effective period of March 3, 2011 to March 3, 2012.[25] Gemini contends that Plaintiffs have not alleged any bodily injury or property damage that occurred during the policy period. Gemini asserts that in construction defect claims, Louisiana courts apply the "Manifestation Trigger Theory" to determine when property damage is deemed to have occurred for purposes of insurance coverage.[26] Under this theory, Gemini posits, property damage occurs when it first manifests to the claimant, regardless of when the act from which it resulted occurred.[27] Gemini points out that Plaintiffs allege in their Petition that, "[t]he work done by TCC was deficient and manifested itself through the cracking of the pillars of the house in early 2017."[28] Gemini claims that Plaintiffs also admitted in their discovery responses that the first manifestation of any property damage caused by TCC occurred between April 2017 and July 2017.[29] Gemini asserts that it is entitled to summary judgment because it cannot be liable under its insurance policy to TCC, since Plaintiffs have not alleged that any bodily injury or property damage occurred during the policy period, March 3, 2011 to March 3, 2012.

Plaintiffs oppose the Motion, asserting that they have established a valid claim for breach of contract, that their property damages occurred during the policy period

---

[24] R. Doc. 6 at p. 1.
[25] *Id.*; R. Doc. 6-3 at pp. 1-2 & 8.
[26] R. Doc. 6-3 at pp. 8-9 (citing *Richmond v. Nat'l Gypsum Servs. Co.*, 350 F. Supp. 3d 532, 540 (E.D. La. 2018); *Liberty Mut. Ins. Co. v. Jotun Paints, Inc.*, 555 F. Supp. 2d 686, 697 (E.D. La. 2008)).
[27] R. Doc. 6-3 at p. 9 (quoting *Jotun Paints, Inc.*, 555 F. Supp. 2d at 697 (internal quotation marks omitted).
[28] R. Doc. 6-3 at p. 10 (*quoting* R. Doc. 1-1 at ¶ 7) (internal quotation marks omitted).
[29] R. Doc. 6-3 at p. 10 (*citing* 6-4 at pp. 4-5; R. Doc. 6-8 at pp. 3-5).

of March 3, 2011 through March 3, 2012, and that genuine issues of material fact preclude summary judgment.[30] While the Opposition brief is not a model of clarity, Plaintiffs seem to argue that Louisiana's Direct Action Statute, La. R.S. 22:1269, applies to Gemini because, "There is nothing in the contract with the Plaintiffs nor in the [insurance] policy that excludes the deficient work performance of the Defendants [Tim Clark] and TCC."[31] Plaintiffs also assert the following:

> Gemini's legal arguments concerning tortfeasors does not apply where the face of the policy allows a reasonable trier of fact to conclude that the damages occurred during the policy period and manifested themselves later. Moreover, a reasonable trier of fact could conclude that the policy's language in part "1" does not state that part "2", which addresses the policy period, is required. In fact, one could argue that once it is shown that an "occurrence" happened it is assumed that it was within the policy period. This is especially true where the damages are so blatant as in this case.[32]

Plaintiffs further assert that Gemini has not established that it is entitled to summary judgment, and argue that they have met their burden of showing that a genuine issue of material fact exists.[33] Plaintiffs reason that, because discovery has not been completed, Fed. R. Civ. P 56(d) applies and there are still matters to be discovered concerning Tim Clark and TCC's specific performance and the time period of work.[34] Plaintiffs assert that under Rule 56(d), if a nonmovant shows by affidavit

---

[30] R. Doc. 16. The Court notes that Plaintiffs' opposition was untimely, as the submission date on the Motion was June 19, 2020. *See* R. Doc. 6. Under Local Rule 7.5, Plaintiffs' opposition brief was due eight days before the noticed submission date, or by June 11, 2020. Plaintiffs did not attempt to file their opposition brief until June 15, 2020 (R. Docs. 8 & 9). The Court further notes that Plaintiffs did not seek leave to file untimely opposition. The Court will still consider the untimely opposition.
[31] R. Doc. 16-1 at p. 3.
[32] R. Doc. 16-1 at p. 2.
[33] *Id.* at p. 4.
[34] *Id.*

or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, this Court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.[35] As such, Plaintiffs assert that the Court should deny the Motion. Plaintiffs also seek an award of reasonable attorney's fees and costs.[36] Plaintiffs do not address Gemini's arguments regarding dismissal under Fed. R. Civ. P. 12(b)(6).

In response, Gemini asserts that it has met its burden of proving Plaintiffs have not set forth factual allegations entitling them to relief against Gemini, and that Plaintiffs did not rebut the inapplicability of the Direct Action Statute to their breach of contract claims.[37] Gemini points out that in their Opposition brief, Plaintiffs concede that their claims all arise out of a contract dispute with the "TCC Defendants,"[38] and Plaintiffs characterize their claims as "a valid claim of breach of contract."[39] Gemini maintains that Plaintiffs do not have a right of action against it because Plaintiffs' claims against TCC all arise out of contractual obligations.[40] Gemini notes that Plaintiffs' Opposition brief supports Gemini's position by characterizing Plaintiffs' claims against TCC as arising out of TCC's contractual

---

[35] *Id.* (*quoting* Fed. R. Civ. P. 56(d)).
[36] R. Doc. 16 at p. 2.
[37] R. Doc. 18.
[38] The Court notes that, throughout its Reply brief, Gemini refers to "Plaintiffs' claims against Gemini's alleged insureds, Tim Clark Construction and Tim Clark ('TCC Defendants.')." R. Doc. 18 at p. 1. In the Motion, however, Gemini only refers to TCC as its insured. *See*, R. Doc. 6 at p. 1; R. Doc. 6-3.
[39] R. Doc. 18 at p. 2 (*quoting* R. Doc. 8 at p. 1).
[40] R. Doc. 18 at p. 2.

obligations.[41] As such, Gemini argues Plaintiffs' direct action against it should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

Gemini further asserts that it has shown that it is entitled to summary judgment and that Plaintiffs have failed to raise any genuine issues of material fact.[42] Gemini claims that Plaintiffs do not dispute Louisiana's well established policy regarding the "Manifestation Trigger Theory," and that Plaintiffs admit that their damages first manifested five years after the policy period.[43] Gemini asserts that Plaintiffs erroneously argue, without citing any legal authority, that coverage should attach simply because the insurance policy was in effect when TCC performed the work.[44] Gemini maintains that the time of the performance of the faulty work is irrelevant to determine when property damage occurs for purposes of insurance coverage. Gemini disputes Plaintiffs' assertions that the insurance policy does not require the property damage to occur during the policy period and that only damage in the "coverage territory" is required.[45] Gemini points out that the wording of the policy provision at issue specifies that coverage is available only if the property damage is caused by an "occurrence" that takes place in the "coverage territory" and it occurs during the policy period and that no insured knew that it had occurred prior to the policy period.[46] Finally, Gemini asserts that an unauthenticated report submitted as an exhibit to Plaintiffs' Opposition brief is inadmissible summary

---

[41] R. Doc. 18 at p. 3.
[42] R. Doc. 18 at p. 3.
[43] R. Doc. 18 at pp. 3-4.
[44] *Id.* at pp. 3-4 (*citing* R. Doc. 9 at p. 1).
[45] R. Doc. 18 at p. 4 (*citing* R. Doc. 9 at p. 2).
[46] R. Doc. 18 at p. 5.

judgment evidence and must be stricken or, alternatively, does not create a genuine issue of material fact to preclude summary judgment.[47]

## II.   LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[48] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[49] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[50] "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[51]

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[52] The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[53]

---

[47] R. Doc. 19 at p. 5.
[48] Fed. R. Civ. P. 12(b)(6).
[49] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
[50] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949) (quotation marks omitted).
[51] *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949 (quotation omitted).
[52] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).
[53] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

"Dismissal is appropriate when the complaint on its face shows a bar to relief."[54] In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[55] The Court can also take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court.[56]

### B. Summary Judgment Standard

If, however, a court considers material outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Fed. R. Civ. P. 56(c).[57] Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[58] A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[59] If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention

---

[54] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).
[55] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).
[56] *In re American Intern. Refinery*, 402 B.R. 728, 749 (W.D. La. 2008) (citing *Cisco Systems, Inc. v. Alcatel USA, Inc.,* 301 F. Supp. 2d 599, 602 n.3 (E.D. Tex. 2004).
[57] *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Tuley v. Heyd*, 482 F.2d 590, 592 (5th Cir. 1973)).
[58] *Causey*, 394 F.3d at 288 (*citing* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).
[59] *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.

to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[60] This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.[61] Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[62] In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[63]

## III.  ANALYSIS

### A. Plaintiffs have failed to state a claim against Gemini.

The thrust of Gemini's Motion to Dismiss is that Plaintiffs have failed to state a claim against Gemini under Louisiana's Direct Action Statute, La. R.S. 22:1269.[64] Gemini argues that Plaintiffs' claims against TCC are for breach of contract and the Direct Action Statute only applies in cases involving torts. In response, Plaintiffs quote the Direct Action Statute in their Opposition brief and assert that Gemini's argument is incorrect because, "There is nothing in the contract with the Plaintiffs

---

[60] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).
[61] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[62] *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552.
[63] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[64] R. Doc. 6.

nor in the [insurance] policy that excludes the deficient work performance of the Defendants [Tim Clark] and TCC."[65] Plaintiffs cite no legal authority for this assertion. Plaintiffs also fail to address the legal authority cited by Gemini in support of its position.

In their state court Petition, Plaintiffs assert that, "Gemini Insurance is made defendant herein pursuant to the Louisiana direct action statute and Gemini is pursuant to La. R.S. 22:1269, [sic] solidarily liable with its insureds [sic] TCC up to any applicable limit of liability stated in the policy."[66] As Gemini points out, Louisiana state and federal courts, including this Court, have consistently held that, "The Louisiana Direct Action Statute applies only to torts and not to contract disputes."[67] As explained by one of our sister courts, "Louisiana courts have consistently held that the 'injured person,' contemplated by the [Direct Action Statute], accorded a right of direct action, is a person injured as a result of tortious conduct and not one injured as a result of breach of contract."[68] Thus, the Court must

---

[65] R. Doc. 16-1 at p. 3.
[66] R. Doc. 1-1 at Introductory Paragraph, (D).
[67] *Landry v. Covington Specialty Ins. Co.*, Civ. A. No. 18-2362, 2018 WL 3323239, at *2 (E.D. La. July 5, 2018) (Lemelle, J.) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 994-95 (5th Cir. 1985)); *Mentz Const. Servs., Inc. v. Poche*, 2011-1474 (La. App. 4 Cir. 3/14/12), 87 So.3d 273, 277 ("Since the [Direct Action Statute] applies only to tort claims and not to breach of contract claims, we must look to the nature of the claims asserted in Ms. Poche's reconventional demand to determine whether the statute applies.") (citing *Taylor v. Fishing Tools, Inc.*, 274 F. Supp. 666, 673 (E.D. La. 1967)); *See, Soileau v. Smith True Value & Rental*, 2012-1711 (La. 6/29/13), 144 So.3d 771, 775 ("The Direct Action Statute was enacted to give special rights to tort victims. In the absence of the Direct Action Statute, a plaintiff would have no right of action against an alleged tortfeasor's liability insurer because the obligation between the plaintiff and the alleged tortfeasor is delictual in nature, and the plaintiff has no contractual relationship with the tortfeasor's insurer.").
[68] *TMA Leasing, Inc. v. Vacuum Truck Sales & Service, LLC*, Civ. A. No. 15-708-SDD-RLB, 2016 WL 3351011, at *2 (M.D. La. June 15, 2016) (citing *Mentz Const. Servs., Inc. v. Poche*, 2011-1474 (La. App. 4 Cir. 3/14/12), 87 So.3d 273, 276).

look at the nature of the claims asserted by Plaintiffs to determine whether the Direct Action Statute authorizes a direct action claim against Gemini.

The Court begins with a review of the state court Petition, which is styled as a "Petition for Breach of Contract and Damages."[69] Plaintiffs allege that Gemini "held a policy at the time of the Breach of Contract that covers all or part of the damages sued upon herein."[70] Plaintiffs also allege that, at all relevant times, Gemini had a liability insurance policy covering TCC, Tim Clark and/or Charles Clark for "damages due to nonperformance and un-workmanlike performance and all other damages at issue in this litigation, damage to all items attached to the structure and/or damaged items in the structure."[71] The insurance policy lists TCC as Gemini's named insured, and describes the "Named Insured" as an "LLC" and a "HOME BUILDER AND SHORING CONTRACTOR."[72] The Court finds that it may consider the insurance policy without converting Gemini's Motion to Dismiss into a motion for summary judgment because it was attached to the instant Motion, it is referenced in Plaintiffs' state court Petition and it is central to Plaintiffs' breach of contract claims.[73]

With respect to Plaintiffs' claims against TCC, Plaintiffs allege in their Petition that TCC caused damage to their home in performing work under the elevation contract, including but not limited to: (1) failure to properly elevate their home,

---

[69] R. Doc. 1-1.
[70] R. Doc. 1-1 at Introductory Paragraph (D).
[71] *Id.* at ¶ 16.
[72] R. Doc. 6-7 at p. 2.
[73] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011). *See*, R. Doc. 1-1 at Introductory Paragraph (D).

failing to install the linear foot of CMU block wall, with stucco; (2) failure to properly install continuous steel reinforced concrete foundation (3000 PSI); (3) failure to properly place 4' x 4' landing; (4) failure to properly add 34 new pilings to support the existing slab under the residence; and (5) failure to properly place the pillars on the slab but incorrectly placed the pillars partially on the slab and partially on the dirt, which caused the bricks of the pillars to crack and instability of the carport and the home, which is a dangerous condition.[74] Plaintiffs assert that TCC breached La. Civ. Code art. 2769 and is liable to Plaintiffs for all damages that ensue.[75] The Court notes that Article 2769 sets forth a contractor's liability for non-compliance with the contract.[76] Plaintiffs further allege that TCC caused them mental pain and suffering, inconvenience and grief in failing to properly perform under the contract and in engaging in bad faith tactics in seeking to collect invalid obligations.[77]

Notedly, in their Statement of Material Facts, which was submitted with their Opposition brief, Plaintiffs assert that, "This case was originally filed by the Plaintiffs, Rosalind C. Pate and Robert L. Pate (Pates) in State court on May 24, 2018 against the Defendants based on a breach of contract by the Contractor Tim Clark (TC), Charles Clark (CC) and Tim Clark Construction Company L.L.C. (TCC)."[78] Plaintiffs further assert that, "The Defendant, Gemini Insurance Company (Gemini)

---

[74] R. Doc. 1-1 at p. 5, ¶ 9.
[75] *Id.*
[76] *See*, La. Civ. Code art. 2769.
[77] R. Doc. 1-1 at p. 6, ¶ 9.
[78] R. Doc. 16-2 at p. 1.

was the insurer of Tim Clark Construction, L.L.C. at the time that the contract was entered into by the Plaintiffs and the other Defendants."[79]

Based on Plaintiff's Petition and the insurance policy, the Court concludes that all of Plaintiffs' claims against TCC arise from TCC's express or implicit obligations under the elevation contract.[80] Plaintiffs allege that they entered into the elevation contract with TCC, that TCC failed to perform its obligations under the contract, that Plaintiffs should not be obligated to pay the full amount of the contract, and that Plaintiffs sustained mental anguish due to TCC's performance under the contract. The Court agrees with Gemini's assessment that Plaintiffs' "negligence" claims are derivative of, and implicit in, TCC's obligations under the elevation contract to perform the work in a good, workmanlike manner.[81] Because Plaintiffs' claims against TCC are based in contract and not tort, Plaintiffs have no procedural right to sue Gemini under the Direct Action Statute. Accordingly, Plaintiffs have failed to state a plausible claim for relief against Gemini, and Gemini is entitled to dismissal under Fed. R. Civ. P. 12(b)(6).

---

[79] *Id.*
[80] The Court again notes that it may consider the insurance policy without converting Gemini's Motion to Dismiss into a motion for summary judgment because it was attached to Gemini's Motion, it is referenced in Plaintiffs' state court Petition and it is central to Plaintiffs' breach of contract claims.
[81] *See*, La. Civ. Code art. 2054 ("When the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves not only to the express provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose."); *Mentz Const. Servs., Inc. v. Poche*, 2011 1474 (La. App. 4 Cir. 3/14/12), 87 So.3d 273, 277-78 ("implicit in every construction contract is the requirement that the work be performed in a good, workmanlike manner, suitable for its intended purpose and free from defects in material or workmanship.") (citations omitted).

### B. Allowing Plaintiffs to amend their Petition to cure the deficiency would be futile under Fed. R. Civ. P. 15.

The Court further finds that allowing Plaintiffs to amend their Petition to cure this deficiency would be futile under Fed. R. Civ. P. 15 because Plaintiffs' alleged property damage occurred outside of Gemini's policy period. "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[82] The parties agree that the policy period of the insurance policy issued by Gemini to TCC is March 3, 2011 to March 3, 2012.[83] A review of the insurance policy, attached as an exhibit to Gemini's Motion, confirms this policy period.[84] The coverage provision for bodily injury and property damage provides, in pertinent part, the following:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. . . .
>
> b. This insurance applies to "bodily injury" and "property damage" only if:
>> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>> (2) The "bodily injury" or "property damage" occurs during the policy period; **and**
>> (3) Prior to the policy period, no insured listed under Paragraph 1. Of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the

---

[82] *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).
[83] R. Doc. 6-3 at p. 3 (*citing* R. Doc. 6-7); R. Doc. 16-1 at pp. 1-2.
[84] R. Doc. 6-7 at p. 2.

> "bodily injury" or "property damage" had occurred, in whole or in part.[85]

Based upon the foregoing policy language, the Court finds that the insurance policy issued by Gemini to TCC only covers bodily injury and property damage that occurs within the policy period.

Plaintiffs have not alleged any bodily injuries in this case. Instead, Plaintiffs allege that they sustained property damage as a result of the elevation contract. This Court has repeatedly held that, "Louisiana courts apply the 'manifestation theory' to determine when damage 'occurs' for purposes of triggering coverage under insurance policies."[86] "Under the manifestation theory, insurance coverage applies under a policy if the property damage manifests during the policy period, regardless of when the act from which it resulted occurred."[87] Plaintiffs assert, in both their Petition and Opposition brief, that the alleged damages from the elevation contract did not manifest until early 2017, five years after the policy period expired.[88] Because there was no "occurrence" of property damage during the policy period, coverage under Gemini's insurance policy was not triggered. As such, any amendment of the Petition would be futile because there is no reasonable basis to predict that Plaintiffs could recover from Gemini under the insurance policy.

---

[85] R. Doc. 6-7 at p. 7 (emphasis added).
[86] *Richmond v. Nat'l Gypsum Servs. Co.*, 350 F. Supp. 3d 532, 540 n.3 (E.D. La. 2018) (citations omitted); *See, Liberty Mut. Ins. Co. v. Jotun Paints, Inc.*, 555 F. Supp. 2d 686, 696 (E.D. La. 2008) ("In considering when the property damage occurred, Louisiana courts have held, in similar cases, that a manifestation theory is applicable.") (citing authority).
[87] *Jotun Paints, Inc.*, 555 F. Supp. 2d at 697 (quoting *Audubon Trace Condo. Ass'n, Inc. v. Brignac-Derbes, Inc.*, 05-715 (La. App. 5 Cir. 2/27/06), 924 So.2d 1131, 1133; *Oxner v. Montgomery*, 34,727 (La. App. 2 Cir. 8/1/01), 794 So.2d 86, 93); *Mann v. Tim Clark Construction, LLC*, 2018-0961 (La. App. 4 Cir. 5/22/19), 273 So.3d 397, 402-03 (citations omitted).
[88] R. Doc. 1-1 at ¶ 7; R. Doc. 16-2 at p. 2.

Based on the foregoing, the Court finds that Gemini is entitled to dismissal of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Gemini Insurance Company's Motion to Dismiss, Alternatively, Motion for Summary Judgment[89] is **GRANTED.** All of the claims of Rosalind C. Pate and Robert L. Pate, Sr. asserted against Gemini Insurance Company in Plaintiffs' Petition for Breach of Contract and Damages[90] are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, September 17, 2020.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[89] R. Doc. 6.
[90] R. Doc. 1-1.