UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROSALIND C. PATE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-2356-WBV-DPC** |
| **TIM CLARK CONSTRUCTION, LLC** | **SECTION: D (2)** |

### ORDER AND REASONS

Before the Court is Plaintiffs [sic] Motion for for [sic] Default Judgment Against Defendants Tim Clark and Tim Clark Construction, L.L.C.[1] Gemini Insurance Company filed a response to the Motion.[2] After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.** The Court further finds that good cause exists under Fed. R. Civ. P. 55(c) to set aside the Clerk's entry of default against defendants, Tim Clark and Tim Clark Construction, LLC.[3]

### I.   FACTUAL AND PROCEDURAL BACKGROUND[4]

On March 31, 2020, Rosalind C. Pate and Robert L. Pate, Sr. (collectively, "Plaintiffs"), filed the instant Motion for Default Judgment, seeking a default judgment against Tim Clark and Tim Clark Construction, LLC under Fed. R. Civ. P. 55(b)(2).[5] Plaintiffs assert that, "Tim Clark Construction, L.L.C. were [sic]

---

[1] R. Doc. 39.
[2] R. Doc. 42. Gemini Insurance Company was named as a defendant in Plaintiffs' state court Petition for Breach of Contract and Damages, and subsequently removed the matter to this Court. *See*, R. Docs. 1 & 1-1. However, on September 17, 2020, the Court issued an Order and Reasons granting Gemini Insurance Company's motion to dismiss. *See,* R. Doc. 55.
[3] R. Doc. 38.
[4] The factual and procedural history of this case are set forth in great detail in the Court's September 17, 2020 Order and Reasons and, for the sake of brevity, will not be repeated here. *See*, R. Doc. 55.
[5] R. Doc. 39.

improperly served at their place of business in Louisiana more that [sic] thirty (30) days ago as evidenced by the return filed into the record. No responsive pleadings have been filed by the defendants."[6] Plaintiffs further assert that service was made on both Tim Clark and Tim Clark Construction, LLC ("TCC") by the United States Marshal, and that the summons was returned executed for both on July 29, 2019.[7] Plaintiffs claim that answers were due by Tim Clark and TCC on August 19, 2019.[8] Plaintiffs argue that once a default has been entered, a plaintiff's well pleaded factual allegations are deemed admitted.[9] Plaintiffs also assert that the disposition of a motion for entry of default ultimately rests within the sound jurisdiction of the district court.[10]

Plaintiffs further assert that, since filing this suit, they have received an estimate that it will cost $4,600 to fix the property damage to their home that was allegedly caused by the work performed by TCC.[11] Plaintiffs attached to their Motion a copy of an email sent by Michael Sipos to Ms. Pate on February 27, 2019 with the subject line, "Estimate for brick work for Ms. Rosalind at 7517 Dogwood Dr. NOLA," which contains an estimate of $4,600.[12] Plaintiffs also attached a home inspection report prepared by Gurtler Bros. Consultants, Inc., dated December 17, 2018, regarding a home inspection conducted on December 12, 2018.[13] The home inspection

---

[6] R. Doc. 39 at p. 2.
[7] *Id.*
[8] *Id.*
[9] *Id.* (citing *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).
[10] R. Doc. 39 at p. 2 (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).
[11] R. Doc. 39 at p. 3.
[12] R. Doc. 39-3.
[13] R. Doc. 39-2.

report does not contain any estimates for repair work. Plaintiffs claim that they have also paid $4,050 in attorney's fees, and have been invoiced for another $2,500 for additional litigation.[14] Plaintiffs submitted a copy of two checks made payable to their counsel, one in the amount of $1,050 and a second in the amount of $3,602.[15] Plaintiffs seek a judgment in their favor and against defendants, TCC and Tim Clark, for $57,202.[16]

Gemini Insurance Company ("Gemini") filed a Response to Plaintiffs' Motion for Default Judgment Against Tim Clark Construction, LLC and Tim Clark, seeking to bring to the Court's attention several deficiencies in Plaintiff's request for a default judgment.[17] Gemini asserts that Plaintiffs' Motion for Default Judgment should be denied because Plaintiffs have not submitted evidence of service on Tim Clark or TCC, and Plaintiffs have not submitted evidence to support the dollar amount being claimed.[18] Gemini argues that there is insufficient proof of service on TCC because the only document submitted shows that the summons and petition were left with "Carter Clark – son of defendant."[19] Gemini points out that TCC is a limited liability company and, therefore, it cannot have a son. Gimini asserts that service of process on a limited liability company is governed by Fed. R. Civ. P. 4(h), and that Plaintiffs failed to properly serve TCC under this provision.[20] Gemini claims that, without proof of service on TCC, there can be no default judgment against TCC.

---

[14] *Id.*
[15] R. Doc. 39-4.
[16] R. Doc. 39-5.
[17] R. Doc. 42.
[18] *Id.* at p. 1.
[19] *Id.* at p. 2 (*quoting* R. Doc. 37-2) (internal quotation marks omitted).
[20] R. Doc. 42 at p. 2.

Gemini also asserts that there is insufficient proof of service on Tim Clark. Gemini points out that Plaintiffs claim Tim Clark was served "at their place of business,"[21] and the Return of Service states that the summons and Petition were left with "Carter Clark – son of defendant."[22] Gemini asserts that service on an individual is governed by Fed. R. civ. P. 4(e), and that Plaintiffs failed to properly serve Tim Clark under this provision because he was not served personally and Plaintiffs represent that the service address was a business address, not Tim Clark's dwelling or usual place of abode.[23] Gemini claims there is no indication of Carter Clark being an authorized agent to receive service for Tim Clark. Gemini also asserts that Plaintiffs have not proved service on Tim Clark "following state law" which requires "personal or domiciliary service" on an individual.[24] As such, Gemini asserts there is no proof that Tim Clark was properly served.

Finally, Gemini notes that Plaintiffs failed to produce evidence of their claimed damages. Gemini asserts that Plaintiffs estimate their claimed damages are $57,202 and ask for a default judgment in that amount, but that Plaintiffs fail to allege sufficient facts in their Petition to support that amount and failed to provide the Court with evidence to support that amount.[25] Gemini argues that the only evidence of potentially recoverable damages is the $4,600 repair estimate. Thus, Gemini asserts that even if Tim Clark and TCC had been properly served, Plaintiffs would

---

[21] R. Doc. 42 at p. 3 (*quoting* R. Doc. 37 at p. 1) (internal quotation marks omitted).
[22] R. Doc. 42 at p. 3 (*quoting* R. Doc. 37-3) (internal quotation marks omitted).
[23] R. Doc. 42 at p. 3.
[24] *Id.* (*quoting* La. Code Civ. P. art. 1231) (internal quotation marks omitted).
[25] R. Doc. 42 at p. 4.

not be entitled to a default judgment in excess of $4,600 because they have not provided sufficient evidence of damages beyond that amount.[26]

## II. LEGAL STANDARD

### A. Default Judgments

Default judgments are governed by Federal Rule of Civil Procedure 55. Rule 55(a) provides that the Clerk of Court must enter a party's default, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ."[27] Upon the Clerk of Court's entry of default, the movant's well-pleaded factual allegations are deemed admitted.[28] Once the Clerk of Court has found a defendant to be in default, the Court may, upon motion by the plaintiff, enter a default judgment against the defendant.[29] Before granting a motion for default judgment, however, this Court "has the duty to assure that it has the power to enter a valid judgment," and must "look into its jurisdiction both over the subject matter and the parties."[30] The Fifth Circuit has held that, "A judgment entered without personal jurisdiction is void."[31]

Default judgments are "generally disfavored in the law" in favor of a trial upon the merits.[32] The Fifth Circuit has emphasized that, "Default judgments are a drastic remedy, not favored by the Federal Rules, and resorted to by courts only in extreme

---

[26] R. Doc. 42 at p. 4.
[27] Fed. R. Civ. P. 55(a).
[28] *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).
[29] Fed. R. Civ. P. 55(b)(2).
[30] *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).
[31] *Id.*
[32] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quotation omitted).

situations."[33]  "This policy, however, is counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion."[34]  Further, a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.[35]  When the Court has subject matter jurisdiction and personal jurisdiction over the parties, the Court may only issue a default judgment when circumstances support doing so.[36]

In determining whether the entry of a default judgment is appropriate under the circumstances, the Court must consider the following six factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.[37]  The Court, however, retains the obligation to determine whether those facts state a claim upon which relief may be granted.[38]  The entry of a default judgment is committed to the sound discretion of the district judge, and is afforded great deference upon review.[39]

---

[33] *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted).
[34] *In re Chinese Manufactured Drywall Products Liability Litigation*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)) (quotation marks omitted).
[35] *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)) (quotation marks omitted).
[36] *Hampton v. Praetorian Ins. Co.*, Civ. A. No. 18-3528, 2019 WL 118012, at *3 (E.D. La. Jan. 7, 2019).
[37] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).
[38] *J&J Sports Productions, Inc. v. Tiger Paw Daiquiris & Grill, LLC*, Civ. A. No. 14-268-BAJ-RLB, 2015 WL 1800619, at *2 (M.D. La. Apr. 16, 2015) (citations omitted).
[39] *Fagan v. Lawrence Nathan Associated, Inc.*, 957 F. Supp. 2d 784, 796 (E.D. La. 2013) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

### B. Setting Aside an Entry of Default

A district court may *sua sponte* set aside an entry of default "for good cause."[40] According to the Fifth Circuit, "good cause" has generally been interpreted liberally.[41] For purposes of Rule 55(c), good cause "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely."[42]  However, the Fifth Circuit has cautioned that courts universally favor trial on the merits, and while the decision to set aside a default is committed to the sound discretion of the trial court, that discretion is not unlimited.[43]  In determining whether good cause exists to set aside an entry of default, the Court considers the following three factors: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented.[44]  These factors are not exclusive and other factors may be considered, such as whether the party acted expeditiously to correct the default.[45]

### III. ANALYSIS

#### A. Plaintiffs have failed to show that a default judgment is appropriate.

The Court finds that Plaintiffs have failed to meet their burden of proving that they are entitled to a default judgment against Tim Clark or TCC.  Plaintiffs fail to

---

[40] *Mitchell v. Central Bank & Trust*, 49 F.3d 728 (5th Cir. 1995) (*citing* Fed. R. Civ. P. 55(c)).
[41] *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales,Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quotation and quotation marks omitted).
[42] *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992).
[43] *Id*. (quoting *United States v. One Parcel of Real Property*, 763 F.2d 181 (5th Cir. 1985)) (internal quotation marks omitted).
[44] *Effjohn Intern. Cruise Holdings, Inc.*, 346 F.3d at 563 (citation omitted).
[45] *Id*.

address any of the six factors set forth by the Fifth Circuit in *Lindsey v. Prive Corp.* for determining whether a default judgment is warranted.[46]  Plaintiffs merely assert that they are entitled to a default judgment against Tim Clark and TCC because they were served and never filed an answer.[47]  However, default judgments are disfavored in this Circuit and considered a drastic remedy resorted to by courts only in extreme situations.[48]  Plaintiffs have failed to demonstrate that this case constitutes an "extreme situation" warranting a default judgment.  The Court has considered the factors as enunciated in *Lindsey v. Prive Corp.* and find that they weigh against the granting of a default judgment.  The Court is particularly swayed by the sixth factor, whether the court would think itself obliged to set aside the default on the defendant's motion.  The Court finds that it would think itself obliged to set aside the default on the defendant's motion.  As discussed in greater detail below, this is unlikely to occur since the defendants, Tim Clark and TCC, have not been properly served.  Accordingly, the Motion for Default Judgment is denied.

### B. The entry of default must be set aside due to improper service on Tim Clark and TCC.

The Court further finds that the entry of default, entered by the Clerk's office on March 31, 2020 against Tim Clark and TCC,[49] must be set aside because neither Tim Clark nor TCC have been properly served in this matter.  The duty to respond to

---

[46] 161 F.3d 886, 893 (5th Cir. 1998).
[47] R. Doc. 39 at p. 2.
[48] *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted).
[49] R. Doc. 38.

a complaint is triggered by the service of summons or lawful process.[50] Under Fed. R. Civ. P. 4, a plaintiff is responsible for serving the defendant with a complaint and summons.[51] "A defendant has no obligation to appear in court or defend an action before it is formally served with process directing it to appear before that forum."[52] "Sufficiency of service of process bears on the validity of personal jurisdiction and, as such, the validity of the default entered, in addition to the validity of continued proceedings against the defendant."[53]

### 1. TCC was not properly served.

Plaintiffs assert in both their Motion for Default Judgment and their Motion for Entry of Default that Tim Clark and TCC "were served at their place of business in Louisiana more that [sic] thirty (30) days ago as evidenced by the return filed into the record."[54] The Return of Service for TCC states that the summons and Petition were left with "Carter Clark-son of defendant."[55] As Gemini points out, however, TCC is a limited liability company and, therefore, cannot have a son.

Service of process on a limited liability company is governed by Fed. R. Civ. P. 4(h),[56] which requires service:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive

---

[50] *Fagan v. Lawrence Nathan Assocs.*, 957 F. Supp. 2d 784, 795 (E.D. La. 2013).
[51] Fed. R. Civ. P. 4(c)(1).
[52] *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014).
[53] *Joe Hand Promotions, Inc. v. Behind the Fence, LLC*, Civ. A. No.16-00196, 2016 WL 5416836, at *2 (W.D. La. Aug. 22, 2016) (citing *Miner v. Punch*, 838 F.2d 1407, 1410 (5th Cir. 1988)).
[54] R. Doc. 37 at p. 1; R. Doc. 39 at p. 2.
[55] R. Doc. 24.
[56] *Joe Hand Promotions, Inc.*, Civ. A. No.16-00196, 2016 WL 5416836, at *2 (citation omitted).

>service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.[57]

Regarding Rule 4(h)(A), Plaintiffs have not provided evidence of service on TCC "in the manner prescribed by Rule 4(e)(1) for serving an individual," which allows service by: (1) following state law for servicing a summons; or (2) doing any one of the following: (a) delivering a copy of the summons and of the complaint to the individual personally; (b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.[58] Under Louisiana law, service on a limited liability company is governed by La. Code Civ. P. art. 1266, which requires "personal service on any one of its agents for service of process."[59] There is no evidence that Carter Clark is TCC's registered agent for service of process. The records on file with the Louisiana Secretary of State show that Tim Clark is TCC's registered agent.[60]

There is also no evidence that TCC was served in accordance with Rule 4(h)(B), as there is no indication that Carter Clark is an officer of TCC, a managing or general agent of TCC, or any other agent authorized to receive service for TCC. As such, the Court finds that Plaintiffs have failed to show that TCC was properly served in this matter. "Absent proper service of process, the court lacks jurisdiction over the

---

[57] Fed. R. Civ. P. 4(h).
[58] Fed. R. Civ. P. 4(e).
[59] La. Code Civ. P. art. 1266.
[60] *See*, R. Doc. 42-1.

defendant and an entry of default granted under such conditions is void."[61] Because service was improper on TCC, the Court finds good cause exists under Fed. R. Civ. P. 55(c) to set aside the entry of default against TCC.[62]

### 2. *Tim Clark was not properly served.*

Similar to TCC, Plaintiffs assert in their Motion for Entry of Default that Tim Clark was served at "their place of business."[63] The Return of Service for Tim Clark states that the summons and Petition were left with "Carter Clark – son of defendant."[64] Service on an individual is governed by Fed. R. Civ. P. 4(e), which allows service by: (1) following state law for servicing a summons; or (2) doing any one of the following: (a) delivering a copy of the summons and of the complaint to the individual personally; (b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.[65]

The Return of Service for Tim Clark shows that he was not served personally, and Plaintiffs have represented to the Court that the service address was Tim Clark's business address, not his dwelling or usual place of abode.[66] There is also no indication that Carter Clark is an authorized agent by appointment or by law to receive service by Tim Clark. Additionally, Plaintiffs have not provided any proof

---

[61] *Conwill v. Greenberg Traurig, LLP*, Civ. A. No. 09-4365, 2010 WL 2773239, at *3 (E.D. La. July 13, 2010) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999)).
[62] R. Doc. 38.
[63] R. Doc. 37 at p. 1.
[64] R. Doc. 23.
[65] Fed. R. Civ. P. 4(e).
[66] R. Doc. 37 at p. 1; R. Doc. 39 at p. 2.

that Tim Clark was served "following state law," which requires personal or domiciliary service on an individual in Louisiana.[67] The Court, therefore, finds that Plaintiffs have failed to provide proof that Tim Clark was properly served in this case. Because service was improper on Tim Clark, the Court finds good cause exists under Fed. R. Civ. P. 55(c) to set aside the entry of default against him.[68]

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs [sic] Motion for for [sic] Default Judgment Against Defendants Tim Clark and Tim Clark Construction, LLC[69] is **DENIED. IT IS FURTHER ORDERED** that the Clerk of Court's entry of default against Tim Clark and Tim Clark Construction, LLC[70] is **vacated** and set aside in accordance with Fed. R. Civ. P. 55(c).

New Orleans, Louisiana, September 21, 2020.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[67] La. Code Civ. P. art. 1231.
[68] R. Doc. 38; *See, Conwill v. Greenberg Traurig, LLP*, Civ. A. No. 09-4365, 2010 WL 2773239, at *3 (E.D. La. July 13, 2010) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999)).
[69] R. Doc. 39.
[70] R. Doc. 38.