UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROSALIND C. PATE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-2356-WBV-DPC** |
| **TIM CLARK CONSTRUCTION, LLC, ET AL.** | **SECTION: D (2)** |

## ORDER AND REASONS

### I. FACTUAL AND PROCEDURAL BACKGROUND

On or about May 24, 2018, Rosalind C. Pate and Robert L. Pate, Sr. (collectively, "Plaintiffs"), filed a Petition for Breach of Contract and Damages in Civil District Court for the Parish of Orleans, State of Louisiana.[1] Named as defendants in the case are Tim Clark, Charles Clark, Tim Clark Construction, LLC and Gemini Insurance Company.[2] Gemini Insurance Company removed the matter to this Court on March 13, 2019, on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[3] Gemini Insurance Company claimed that it was the only defendant that had been served with the lawsuit at the time of removal.[4]

On August 13, 2019, the Court issued a Show Cause Order, giving Plaintiffs 30 days to show good cause, in writing, as to why they had failed to serve the defendants, Tim Clark Construction, LLC, Tim Clark and Charles Clark.[5] On

---

[1] R. Doc. 1 at ¶ 1; R. Doc. 1-1.
[2] R. Doc. 1-1 at p. 1.
[3] R. Doc. 1.
[4] *Id.* at ¶ 2.
[5] R. Doc. 22.

August 15, 2019, in response to the Show Cause Order, Plaintiffs filed proofs of service upon Tim Clark Construction, LLC and for Tim Clark.[6]

On January 6, 2020, the Court issued an Order to Show Cause, requiring Plaintiffs to show cause on or before February 14, 2020, "why certain defendant(s) should not be dismissed for plaintiff's failure to prosecute."[7] Plaintiff filed a Status Report on February 14, 2020, seeking additional time to effect service because Plaintiffs' counsel had undergone surgery in both eyes, which required several months of recovery measures and medication.[8] As a result, the Court issued an Order on February 19, 2020, giving Plaintiffs an additional 30 days, or until March 16, 2020, to show cause as to why certain defendant(s) should not be dismissed for failure to prosecute.[9]

On March 26, 2020, Plaintiffs moved for an entry of default as to Tim Clark Construction, LLC and Tim Clark, which the Clerk's Office granted.[10] Plaintiffs then moved for a default judgment as to Tim Clark and Tim Clark Construction, LLC on March 31, 2020.[11]

After failing to respond to the Court's February 19, 2020 Show Cause Order, the Court issued yet another Show Cause Order on April 17, 2020, giving Plaintiffs another 30 days, or until May 18, 2020, to show cause as to why defendant, Charles Clark, should not be dismissed from this case for failure to prosecute.[12]

---

[6] R. Docs. 23 & 24.
[7] R. Doc. 30.
[8] R. Doc. 31.
[9] R. Doc. 33.
[10] R. Docs. 37 & 38.
[11] R. Doc. 39.
[12] R. Doc. 44.

On May 18, 2020, Plaintiffs filed a Status Report, asserting that counsel for Plaintiffs had requested service of process as to Charles Clark on September 17, 2019 through the United States Marshals Office.[13] Plaintiffs' counsel asserted that Plaintiffs requested service as to Charles Clark, Tim Clark and Tim Clark Construction, LLC through the U.S. Marshals Office and that, "It was believed by counsel that service had been made since the other services were made though the return for services for Tim Clark were not filed for at least two months after summons issued."[14] Plaintiffs' counsel further asserted that she had been unable to verify service upon Charles Clark through the U.S. Marshals Office, and that things were exacerbated by the COVID-19 pandemic.[15] Plaintiffs requested an additional 30 days to conduct discovery and file appropriate pleadings so that, "all defendants are held accountable in this litigation," claiming that, "Dismissal would be unfair."[16]

After reviewing Plaintiffs' Status Report, the Court issued an Order on May 19, 2020, giving Plaintiffs an additional 30 days, or until June 19, 2020, to file proof of service upon Charles Clark.[17] On June 11, 2020, Plaintiffs filed an unexecuted Summons into the record, showing that the U.S. Marshal had attempted to serve Charles Clark at his home address on June 9, 2020 and June 10, 2020.[18] On the first attempt, no one was home. On the second attempt, the resident informed the process server for the U.S. Marshal that Charles Clark does not live at the address, and that

---

[13] R. Doc. 45 at p. 1.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] R. Doc. 47.
[18] R. Doc. 49 at p. 1.

the resident had not seen Charles Clark in 5 years.[19] Plaintiffs did not request any additional time for discovery of Charles Clark's whereabouts, or to make additional attempts to serve Charles Clark.

On June 25, 2020, the Court issued an Order and Reasons, dismissing without prejudice Plaintiffs' claims against Charles Clark under Federal Rule of Civil Procedure 41(b) for failure to prosecute.[20] The Court subsequently issued an Order and Reasons on September 17, 2020, granting Gemini Insurance Company's Motion to Dismiss, dismissing with prejudice Plaintiffs' claims against Gemini Insurance Company.[21] Thus, the only remaining defendants in this litigation are Tim Clark and Tim Clark Construction, LLC.

On September 21, 2020, the Court issued an Order and Reasons denying Plaintiffs' Motion for Default Judgment against Tim Clark and Tim Clark Construction, LLC, and vacating the Clerk's entry of default against Tim Clark and Tim Clark Construction, LLC under Federal Rule of Civil Procedure 55(c).[22] The Court concluded that Plaintiffs failed to show that a default judgment was appropriate in this case, and that the entry of default must be set aside due to improper service on Tim Clark and Tim Clark Construction, LLC.[23] As a result, the Court issued a second Order on September 21, 2020, giving Plaintiffs fourteen days, or until October 5, 2020, to either enter a default against Tim Clark and Tim Clark

---

[19] *Id.* at p. 2.
[20] R. Doc. 50.
[21] R. Docs. 6 & 55.
[22] R. Doc. 56.
[23] *Id.*

Construction, LLC, or to show good cause in writing why this matter should not be dismissed against these defendants for failure to prosecute.[24] The Court warned that if Plaintiffs' counsel failed to comply with this deadline, "Tim Clark and Tim Clark Construction, LLC will be dismissed without prejudice for failure to prosecute without further notice, in accordance with Fed. R. Civ. P. 41(b)."[25]

On October 3, 2020, Plaintiffs requested an additional 30 days to respond to the Court's September 21, 2020 Order because Plaintiffs' counsel had suffered serious injuries from a car accident on September 20, 2020.[26] On October 5, 2020, the Court granted Plaintiffs' request, giving Plaintiffs an additional 30 days, or until November 4, 2020, to comply with the Court's September 21, 2020 Order.[27] As of the date of this Order and Reasons, Plaintiffs have failed to comply with the Court's September 21, 2020 Order or to request additional time to comply with the Order.

## II. LEGAL STANDARD

"The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits."[28] "A district court may *sua sponte* dismiss a lawsuit for failure to prosecute pursuant to Federal Rule of

---

[24] R. Doc. 57.
[25] *Id.*
[26] R. Doc. 59.
[27] R. Doc. 61.
[28] *Burns v. Westwego Police Dept.*, Civ. A. No. 14-2242, 2014 WL 7185449, at *2 (E.D. La. Dec. 16, 2014) (*citing* Fed. R. Civ. P. 41(b)).

Civil Procedure 41(b)."[29]  "This authority is based on the courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases."[30]  Nonetheless, "The Court's power to dismiss for want of prosecution should be used sparingly."[31]  Unless the dismissal order states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits.[32]

"Although the decision to dismiss under Rule 41(b) is committed to the district court's discretion, its discretion to dismiss with prejudice has been confined to a narrow range of circumstances."[33]  Before an action can be dismissed with prejudice under Rule 41(b), two factors must be present: (1) a clear record of delay or contumacious conduct by the plaintiff; and (2) lesser sanctions would not serve the best interests of justice.[34]  The Fifth Circuit has held that aggravating factors must also usually be found, clarifying that, "we have not said they must 'always' be found."[35]  Such aggravating factors include whether the delay was caused by the plaintiff, as opposed to her attorney, whether the defendant suffered actual prejudice and whether the delay was caused by intentional conduct.[36]

---

[29] *Lewis v. Sheriff's Dept. Bossier Parish*, 478 Fed.Appx. 809, 815 (5th Cir. 2012) (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992)).
[30] *Lewis*, 478 Fed.Appx. at 815 (internal quotation and quotation marks omitted).
[31] *Burns*, Civ. A. No. 14-2242, 2014 WL 7185449 at *2 (citing *Ramsay v. Bailey,* 531 F.2d 706, 707 (5th Cir. 1976)).
[32] Fed. R. Civ. P. 41(b).
[33] *Springboards to Education, Inc. v. Kipp Foundation*, 325 F. Supp. 3d 704, 711 (N.D. Tex. 2018) (citing *Raborn v. Inpatient Management Partners Inc.*, 278 Fed.Appx. 402, 407 (5th Cir. 2008)).
[34] *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982); *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005)) (quotation marks omitted).
[35] *Sealed Appellant*, 452 F.3d at 418 (citing *Rogers*, 669 F.2d at 320).
[36] *Sealed Appellant*, 452 F.3d at 418; *Springboards to Education, Inc.*, 325 F. Supp. 3d at 711 (quoting *Raborn v. Inpatient Management Partners Inc.*, 278 Fed.Appx. 402, 404-05 (5th Cir. 2008)).

### III.     ANALYSIS

The Court finds that dismissing Plaintiffs' claims against Tim Clark and Tim Clark Construction, LLC with prejudice under Fed. R. Civ. P. 41(b) is not warranted. While there has clearly been a lengthy delay of over two years during which Plaintiffs failed to effect service upon Tim Clark and Tim Clark Construction, LLC, the record does not establish that Plaintiffs' delay resulted from contumacious conduct. According to the Fifth Circuit, "We have recognized that it is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating---that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice."[37] With respect to the second factor, the Court finds that sanctions less than dismissal with prejudice, such as a dismissal without prejudice, would serve the best interests of justice.  Finally, the Court finds no evidence of any aggravating factors that would support a dismissal with prejudice under Rule 41(b).  The record reflects that service was delayed, in part, by medical complications suffered by Plaintiffs' counsel after undergoing eye surgery and suffering injuries from a car accident.[38]  The record also shows that Plaintiffs attempted to serve Tim Clark and Tim Clark Construction, LLC through the U.S. Marshals Office, but that service was improper under Fed. R. Civ. P. 4(e) & (h).[39] Accordingly, a dismissal with prejudice is not warranted at this time.  Based on the foregoing, however, the Court finds that Tim Clark and Tim Clark Construction, LLC

---

[37] *Millan v. USAA General Indemnity Company*, 546 F.3d 321, 327 (5th Cir. 2008) (internal quotation and quotation marks omitted).
[38] R. Docs. 31 & 59.
[39] R. Docs. 23, 24

should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the claims of plaintiffs, Rosalind C. Pate and Robert L. Pate, Sr., against defendants, Tim Clark and Tim Clark Construction, LLC, are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, November 13, 2020.

*/s/ Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**